IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBYN M. BARTMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Civil Action No. 15-854 |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Synopsis

Plaintiff Robyn M. Bartmas ("Bartmas") appeals an ALJ's denial of her claim for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Bartmas alleges a disability beginning April 8, 2011, the day after previous application for benefits was denied. (R. 21, 193) Bartmas contends that she is disabled due to, among other things, asthma, depression, anxiety, mood disorder, vision problems, back, knee and foot pain. (R. 217) Following a hearing and consultation with a vocational expert, the ALJ denied her claim, concluding that she retained the residual functional capacity ("RFC") to perform light work with some restrictions. (R. 21-34) Bartmas appealed. Pending are Cross Motions for Summary Judgment. *See ECF Docket Nos*. [11] and [15]. After careful consideration and for the reasons set forth below, this case is affirmed.

### Legal Analysis

1. Standard of Review

1

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler*, 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

2. Step Two – "Severe Impairments"

Bartmas takes issue with the ALJ's failure to find that her mental health impairments of panic disorder with agoraphobia, generalized anxiety disorder and bipolar disorder constituted "severe impairments" at the second step of the analysis. *See ECF Docket No*. [12], p. 10-12. Even accepting this position as correct for purposes of argument, such error was harmless

because the ALJ found that Bartmas suffered from several other impairments which did qualify as "severe." In other words, the ALJ did not end the analysis at the second step. *See Salles v. Commissioner of Social Security*, 229 Fed. Appx. 140, 145 n. 2 (3d Cir. 2007) (stating that, "[b]ecause the ALJ found in Salles's favor at Step Two, even if he had erroneously concluded that some of her other impairments were non-severe, any error was harmless.") *citing, Rutherford v. Barnhart*, 399 F.3d 546, 553 (3d Cir. 2005). *See also, Roberts v. Astrue*, Civil No. 8-625, 2009 U.S. Dist. LEXIS 91559 at * 5 (W.D. Pa. Sept. 30, 2009) (finding that, "[e]ven assuming that the ALJ failed to include all of the Plaintiff's severe impairments at step two, this would be harmless error, as the ALJ did not make his disability determination at this step. Indeed, remand would not affect the outcome of this case and is not warranted."); and *Bliss v. Astrue*, Civil No. 8-980, 2009 U.S. Dist. LEXIS 12172, 2009 WL 413757 (W.D. Pa. February 18, 2009) (stating that, "as long as a claim is not denied at step two, it is not generally necessary for the ALJ to have specifically found any additional alleged impairments to be severe …. Since Plaintiff's claim was not denied at step two, it does not matter whether the ALJ correctly or incorrectly found Plaintiff's neuropathy and sleep apnea to be non-severe."). Because the ALJ found in Bartmas's favor at step two, any alleged error was harmless and does not require reversal or remand.

      3.    Residual Functional Capacity Assessment

Next Bartmas contends that the ALJ's RFC finding is not supported by substantial evidence of record. The ALJ determined that Bartmas retained the residual functional capacity to perform a light range of work except that she "must avoid temperature extremes, humidity, and respiratory irritants; cannot work outdoors; is limited to no more than occasional reading; cannot perform tasks requiring good peripheral vision; and is limited to simple tasks, decisions, and

instructions." (R. 26) According to Bartmas, this formulation of the RFC does not adequately account for her mental health impairments, her visual impairments, and her fibromyalgia and osteoarthritis. Having thoroughly reviewed the record, I reject Bartmas's contention. Substantial evidence supports the ALJ's decision.

For instance, with respect to her fibromyalgia and osteoarthritis, the record indicates that Bartmas's fibromyalgia and joint pain have improved – going from an assessment of 18/18 tender points in August of 2012 to 6/18 tender points in December of 2013. (R. 27, 28l 514, 518, 576) Additionally, she has not required any intervention more aggressive than medication, such as an assistive device, a TENS unit, a cane or a brace. Further, diagnostic tests indicate only mild degenerative changes without accompanying inflammation. (R. 501, 517). Bartmas also displayed a normal range of motion, with full strength, and no edema. (R. 346, 514) Dr. Mitra, Bartmas's treating rheumatologist, described her joint pain as "mild" and her associated fatigue as "mild". (R. 28)

As to her vision, Dr. Santora described Bartmas's pseudophakia as "stable." (R. 28) Further, by April of 2012 her visual acuity had improved to 20/20. (R. 28) Additionally, the medical records from Dr. Dittman in September of 2013 revealed that Bartmas had "no blurred vision, eye pain, headaches, loss of vision, poor night vision, double vision, eyestrain, light sensitivity or night glare." (R. 29, 535, 613, 618, 620, 632). Indeed, the ALJ noted that although Bartmas complained of visual impairments, she "displayed no apparent difficulties in reading a medication list with standard-sized print during the hearing." (R. 29)

Finally, with respect to her mental health impairments, Bartmas faults the ALJ for his notation that she began treatment with a mental health therapist in February of 2013. (R. 30) Bartmas alleges that she began individual treatment with therapist Margaret Porton shortly after

4

an initial psychiatric evaluation in October of 2010. *See ECF Docket No.* [12], p. 13. It may be correct that the ALJ erred in evaluating when Bartmas first began treating with a therapist, but Bartmas has not otherwise demonstrated that the ALJ's RFC as to mental health impairments was incorrect. Bartmas has not identified any documents in the record submitted by Porton which belie the ALJ's factual conclusions. In fact, the records indicate that Porton documented improvement in Bartmas's condition. (R. 580 "Robyn is doing much better dealing with life issues in a more mature and logical manner, such as making decisions regarding the needs of her disabled son. Her dealing with others when she is upset or anger [sic] / she has learned to walk away and let go.") Further, Dr. Brentzel, the state agency psychologist, determined that Bartmas could make simple work-related decisions and concluded that she would not require special supervision to sustain a work routine. Dr. Brentzel further opined that Bartmas was able to interact with the public and was capable of asking simple questions and accepting instructions. She similarly found that Bartmas had functional social skills and could work in production-oriented jobs requiring little independent decision-making. (R. 31, 114-116).

Thus, Bartmas has not adduced any evidence indicating that the ALJ's RFC finding was inadequate or otherwise not supported by substantial evidence. The ALJ's conclusions regarding her mental health impairments, her visual impairments and her fibromyalgia and osteoarthritis are well supported. Consequently, the ALJ's decision in this regard is affirmed.

  4. Subjective Complaints of Pain

Bartmas next argues that the ALJ erred in improperly evaluating her subjective complaints of pain. In determining if a claimant is disabled, the ALJ must consider all symptoms, including pain, "and the extent to which [these] symptoms can reasonably be accepted as

consistent with the objective medical evidence." 20 C.F.R. §§ 404.1529(a), 416.929(a). Pain alone, however, does not establish a disability. *Id.*

As the ALJ stated in this case, she must follow a two-step process in evaluating subjective complaints of pain. First, she must determine whether there is a medical impairment that could reasonably be expected to produce the claimant's pain or other symptoms; and second, the ALJ must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit functioning. Allegations of pain must be consistent with objective medical evidence and the ALJ must explain the reason for rejecting non-medical testimony. *Burnett v. Comm'r. of Social Sec. Admin.*, 220 F.3d 112, 121 (3d Cir. 2000).

In this case, the ALJ explained her reasons for discrediting Bartmas's subjective testimony and pointed to other medical and non-medical evidence of record that was not consistent with Bartmas's subjective complaints. (R. 26-32) After a thorough review of the record, I find that the ALJ followed the proper and that substantial evidence supports her decision. For example, the ALJ compared the medical evidence to her complaints and found them to be contradictory. (R.27-31) The ALJ also noted that Bartmas's very limited work history and minimal lifetime earnings "call into question her attachment to the workforce and motivation to perform work activity" and, as such, "detract from the credibility afforded to her subjective allegations." (R. 32) Because the ALJ's conclusion regarding Bartmas's credibility is supported by substantial evidence of record, I find no error in this regard.

5. Hypothetical

Finally, Bartmas complains that the ALJ improperly discounted the vocational expert's response to several alternate hypotheticals. Specifically, the ALJ initially asked the following:

> If an individual had the following physical and mental limitations, that is that the individual was restricted to light work, as defined in the Commissioner's regulations; that

the individual needs to avoid temperature extremes, wetness, humidity, respiratory irritants; and that the individual should not work out of doors; that reading regular size print should not be a significant component of the job; and that the job cannot require a good peripheral vision. And then in addition to those physical limitations, that the individual would be restricted to simple task[s], simple decisions, and simple instructions. When I say simple, I mean commensurate with DOT SVP levels of 1 to 2. With that set of limitations, could such an individual perform jobs the claimant has performed in the past?

(R. 68) The VE responded that the individual could perform the past job of bench assembler, as well as other jobs such as power screwdriver operator or cashier. (R. 69) The ALJ then modified the hypothetical by adding that the individual would need to change positions every 15 minutes, alternating between sitting and standing. (R. 69) The VE responded that the power screwdriver operator or cashier II would still be available. (R. 70) The ALJ then again changed the hypothetical to add in a need for the individual to lie down at least four of every eight hours. (R. 70-71) The VE said that there would not be any jobs available. (R. 71) Bartmas's attorney asked additional questions regarding the vision necessary and the interaction with the public associated with those jobs. (R. 72-74)

I reject Bartmas's contention that the ALJ erred in not expressly including the need for sit / stand alternatives or otherwise in making additional accommodations for her vision and ability to interact with the public. An ALJ is only required to accept the VE's responses to hypothetical questions that accurately reflect a claimant's impairments. *See Podedworny v. Harris*, 745 F.2d 210, 218 (3d Cir. 1984) and *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987). Here, the record reveals substantial evidence that the hypothetical question the ALJ adopted accurately reflected Bartmas's impairments. As set forth in the preceding section regarding residual functional capacity, the record evidence does not support the additional limitations Bartmas contends the ALJ should have included.

7

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBYN MICHELLE BARTMAS, )<br>)<br>Plaintiff, )<br>)<br>-vs- )<br>)<br>CAROLYN W. COLVIN, )<br>COMMISSIONER OF SOCIAL SECURITY, )<br>)<br>Defendant. ) | Civil Action No. 15-854 |

AMBROSE, Senior District Judge.

## **ORDER OF COURT**

Therefore, this 9th day of June, 2016, it is hereby ORDERED that the decision of the ALJ is affirmed and that Plaintiff's Motion for Summary Judgment (Docket No. 11) is denied and Defendant's Motion for Summary Judgment (Docket No. 15) is granted.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge

9